**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

AUG 3 0 2019

**TRANSMITTAL OF FINAL AGENCY DECISION**

TO: The Parties
Representatives of the Parties
ORM Field Office

SUBJ: Final Agency Decision

Complainant's Name:   Dr. Pauline Velez
Agency Case No.:   200P-0612-2018106247

Enclosed is the Department's Final Agency Decision concerning the above-referenced complaint of employment discrimination.

The Final Agency Decision includes a statement explaining the complainant's right of appeal and right to file a civil action.

The transmittal to the complainant and, if applicable, the complainant's representative, includes EEOC Form 573 (MSPB Form 185, if the subject complaint is a mixed case) for use should the complainant wish to appeal the enclosed Final Agency Decision.

If the complainant requested a hearing before an EEOC administrative judge, the transmittal to the ORM field office also encloses the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

*[signature]*
Maxanne R. Witkin
Director

Enclosures

EXHIBIT 8
WITNESS Velez
CONSISTING OF 8 PAGES
DATE 4-29-21
BEHMKE REPORTING AND VIDEO SERVICES, INC.



Office of Employment Discrimination Complaint Adjudication
Washington DC 20420

In Reply Refer To:   00D

Michael Remler
116 Southampton Avenue
Berkeley, CA 94707

RE:   FINAL AGENCY DECISION
      *Pauline Velez v. Department of Veterans Affairs*
      VA Case No. 200P-0612-2018106247

Dear Mr. Remler:

This letter constitutes the Final Agency Decision concerning the referenced Equal Employment Opportunity (EEO) complaint that your client ("Complainant") filed on December 25, 2018, alleging discrimination based on sex, national origin (Hispanic) and reprisal (opposition to discrimination) against officials at the Northern California Health Care System - Martinez in Mather, California.

The complaint alleges that Complainant was discriminated against when the Associate Director removed her from her assignment as Site Manager at the Outpatient Clinic on August 20, 2018.

The law prohibiting discrimination based on national origin, sex and reprisal, is Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq. ("Title VII"). Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614.

A disparate treatment claim must satisfy a three-part analytical framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). You must first establish a prima-facie[1] case of discrimination. The burden then shifts to the Agency to give a legitimate, nondiscriminatory reason for its actions. To prevail, you must prove, by a preponderance of the evidence, that the explanation is pretextual, i.e., not the true reason for the action. Jill M. v. Dept. of Justice, EEOC Appeal No. 0120151116 (February 2, 2018).

Title VII prohibits employer actions that are based on a retaliatory motive and are likely to dissuade a reasonable employee or applicant from engaging in protected EEO

---

[1] If the Agency articulates a legitimate, nondiscriminatory reason for its actions, the analysis can proceed directly to whether the complainant has shown by a preponderance of the evidence, that the actions were motivated by discrimination. See USPS Board of Governors v. Aikens, 460 U.S. 711, 713-714 (1983).

activity. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006); see also, 42 U.S.C. § 2000e-3(a). Thus, in cases involving reprisal, the criteria for establishing a prima facie case may require a showing that: (1) the complainant engaged in a protected activity, (2) management was aware of the complainant's participation in the protected activity, (3) management effected some action which adversely impacted upon the complainant following the protected activity, and (4) the management action followed the protected activity within such a period of time that a retaliatory motive can be inferred. Hochstadt v. Worcester Found. for Experimental Biology, Inc., 425 F. Supp. 318 (D. Mass. 1976), aff'd, 545 F.2d 222 (1st Cir. 1976).

The action required in the third element need not be an ultimate, or even significant, personnel action. Therefore, any action by a management official that is likely to dissuade a reasonable employee or applicant from making or supporting a charge of discrimination is sufficient to satisfy this element of a prima facie case of reprisal. Petty slights, minor annoyances, and simple lack of good manners normally will not create such deterrence. See Burlington Northern, supra (finding that an assignment to more arduous and less desirable job duties, even if such duties fall within the scope of the complainant's job description, was likely to dissuade the plaintiff from making or supporting a charge of discrimination). See also, Equal Employment Opportunity Commission Compliance Manual, Vol. 2, Section 8, at 8-13 (Retaliation).

For our analysis, we will assume without finding that Complainant establishes a prima facie case of discrimination based on sex, national origin, and reprisal. We are now required to consider management's reasons for its decision to remove her from her assignment as Site Manager. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981) (management has a burden of production to articulate some legitimate, nondiscriminatory reasons for its actions).

Here, the Associate Director testified that removing Complainant as the Site Manager was a business decision for the facility so that the physicians could focus on clinical work rather than administrative functions. He explained that having Complainant perform the administrative duties of Site Manager was redundant since the Martinez campus also had senior level executives. He added that by removing these redundancies, it would allow Complainant to better improve the quality of care for veterans by allowing her to focus on her clinical duties. All management officials denied discriminating against Complainant because of her national origin, sex, or EEO activity. (ROI, Tab 7-2)

The burden now shifts to Complainant to establish by the preponderance of the evidence that management's explanations are pretext and not the true reason for the actions. Here, Complainant alleges that management officials were purging minorities from these positions and that they considered her history of helping other employees with their EEO complaints when they eliminated the Site Manager position. She also alleges that the Agency's explanation that it did not want physicians to perform administrative duties because it wanted them to focus on clinical duties is pretext

2

because other physicians have been hired to perform administrative duties. (ROI, Tab 7-1)

After a complete review of the record, we find that Complainant fails to produce sufficient evidence to demonstrate that management's legitimate, nondiscriminatory reasons for its conduct are pretextual. Generally, a complainant's testimony alone has been judged inadequate as proof to establish pretext. Bohrer v. Hanes Corporation, 715 F.2d 213 (5th Cir. 1983), cert. denied, 465 U.S. 1026 (1984). Furthermore, a complainant's subjective belief that the management action at issue was the result of discrimination is insufficient to prove pretext. See Bohrer, supra; Elliott v. Group Medical & Surgical Service, 714 F.2d 556 (5th Cir. 1983), cert. denied, 467 U.S. 1215 (1984). The record does not show, and Complainant does not offer, any expressions or conduct by management officials relating to Complainant's sex, national origin, or EEO activity, from which one could infer any discriminatory or retaliatory motive. (ROI, Tab 7-1)

Moreover, Complainant has misinterpreted the Agency's explanation regarding the elimination of Site Manager duties from her position. The Agency did not state that having *any* physician perform administrative duties would be inefficient. Rather, the Agency explained that having Complainant perform administrative duties *in addition to* clinical duties would be an inefficient use of a clinical position. Indeed, the record shows that the Martinez campus eliminated the Site Manager position completely, which supports management's explanation. We also note that Complainant does not allege that any of physicians that were hired to perform administrative duties, including the Deputy Chief of Staff, also had any clinical responsibilities. Moreover, while the two physicians that Complainant identified as having their Site Manager duties removed had varying disagreements with management's decision, neither stated that it was based on discriminatory or retaliatory motives. (ROI, Tabs 7-1, 7-11)

We also note that Complainant identified a while male physician who was treated better than her because management officials "protected him from poor performance." However, Complainant does not allege that this physician was a Site Manager who was allowed to keep Site Manager duties. Therefore, we find that this physician is not a proper comparator, and therefore not relevant to support a finding of pretext. (ROI, Tab 7-1)

Complainant has the ultimate burden of showing that management intentionally discriminated against her. Based on a full and fair review of the record, including evidence submitted directly to OEDCA post investigation, there is no reason to question the credibility of the witness testimony and no evidence of discrimination. For these reasons, we find that she was not discriminated or retaliated against as alleged.

If you disagree with this decision, you may appeal it to the EEOC's Office of Federal Operations, as specified below in the RIGHT OF APPEAL. You also have a right to file a Civil Action in Federal District Court as specified below in the RIGHT TO FILE A CIVIL ACTION.

3

## RIGHT OF APPEAL

Within 30 days of receipt of this final agency decision, Complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, DC 20013.** If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA's Office of General Counsel at the following address: **Department of Veterans Affairs, Office of General Counsel (024), 810 Vermont Avenue, NW, Washington, DC 20420.**

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. <u>A copy of any such statement or brief, including any statements made on EEOC's Appellant Docketing Statement, must also be sent to the VA's Office of General Counsel at the above address.</u>

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If Complainant files an appeal with the Commission beyond the above-noted time limit, Complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If Complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Complainant also has the right to file a civil action in an appropriate United States District Court. Complainant may file a civil action:

> within 90 days of receipt of this final decision <u>if no appeal to EEOC has been filed</u>; or

> within 90 days after receipt of the EEOC's final decision on appeal; or

> after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

Complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which Complainant works. Complainant may not name just the Department. Complainant must name **Robert L. Wilkie** as the defendant. Complainant must also state the official title of the Department head. The

4

official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If Complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court appoint an attorney to represent Complainant and that the Court permit Complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date that Complainant receives the final agency decision from the Department or the Commission.

_____  
MAXANNE R. WITKIN  
Director, Office of  
Employment Discrimination  
Complaint Adjudication

AUG 3 0 2019  
_____  
Date

Attachment: EEOC Form 573

5

# DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

## CERTIFICATION OF SERVICE

Complainant's Name:   Dr. Pauline Velez
Agency Case No.:   200P-0612-2018106247

I certify that on this date, the foregoing Final Agency Decision was sent via First Class Mail to the individuals and parties shown below.

For timeliness purposes, it shall be presumed that the parties received the foregoing Final Agency Decision within five (5) calendar days after the date it was sent via First Class Mail.

Complainant:

Dr. Pauline Velez
116 South Hampton Avenue
Berkeley, CA 94707

Complainant's Representative:

Michael Remler
116 South Hampton Avenue
Berkeley, CA 94707

Facility Director or Staff Office Head:

Director (612/00)
Department of Veterans Affairs
VA Northern California Health Care System
10535 Hospital Way
Mather, CA 95655

**ORM Field Office:**

Department of Veterans Affairs
Office of Resolution Management (08H)
11301 Wilshire Boulevard
Building 220, 2nd Floor
Los Angeles, CA 90073

_____L. Farrior_____
(Signature of Dispatcher)

AUG 3 0 2019
_____
(Date of Dispatch)